Eric Meckley (Bar No. 168181)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel.: (415) 442-1000
Fax: (415) 442-1001
eric.meckley@morganlewis.com

Paul D. Clement (*pro hac vice* forthcoming)
C. Harker Rhodes IV (*pro hac vice* forthcoming)
Mitchell K. Pallaki (*pro hac vice* forthcoming)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel.: (202) 742-8900
paul.clement@clementmurphy.com

*Attorneys for Petitioner X Corp.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| X CORP.,<br><br>*Petitioner*,<br><br>v.<br><br>Alexander Adusei; Aline Bandak; Sagar Bonde; Lauren Bose; Wing Kai Chan; Chen Chen; Stephanie Cheng; Jiahui Ding; Craig Filamor; Lauren Fratamico; Cheston Gunawan; Seung Heon Han; Iris Hsieh; Lauren Itow; Sanjay Kapoor; John Li; Travis McCleery; Prasida Menon; Anca Mosoiu; Lauren Nagra; SoYoung Park; Alisa Rangwala; Ryan Riccetti; Stanley Soo; Margaret Shi; Yoali Sotomayor Baqueiro; Lauren Traylor; Wutao Wei; Benjamin Wheeler; Adrian Yusi; Heng Zhang; Yiwei Zhuang,<br><br>*Respondents*. | Case No. _____<br><br>**PETITION TO COMPEL ARBITRATION**<br><br>(Federal Arbitration Act, 9 U.S.C. §4) |

Petitioner X Corp. ("X") respectfully petitions this Court pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, for an order compelling Respondents Alexander Adusei, Aline Bandak, Sagar Bonde, Lauren Bose, Wing Kai Chan, Chen Chen, Stephanie Cheng, Jiahui Ding, Craig Filamor, Lauren Fratamico, Cheston Gunawan, Seung Heon Han, Iris Hsieh, Lauren Itow, Sanjay Kapoor, John Li, Travis McCleery, Prasida Menon, Anca Mosoiu, Lauren Nagra, SoYoung Park, Alisa Rangwala, Ryan Riccetti, Stanley Soo, Margaret Shi, Yoali Sotomayor Baqueiro, Lauren Traylor, Wutao Wei, Benjamin Wheeler, Adrian Yusi, Heng Zhang, and Yiwei Zhuang (collectively "Respondents") to arbitrate certain claims before Judicial Arbitration and Mediation Services ("JAMS"), and to pay their respective pro rata shares of the arbitration fees as required by Section 6 of the parties' Dispute Resolution Agreement ("DRA") (attached as Exhibit 1),[1] unless and until the individual arbitrator presiding over the arbitration orders a different apportionment. In support of its petition, X states as follows:

**PRELIMINARY STATEMENT**

1.      The FAA requires courts to "rigorously … enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018). That principle controls here. When Respondents began working for X's predecessor Twitter, Inc. ("Twitter"), they entered into an arbitration agreement that explicitly provides that all arbitration fees "will be apportioned between the parties" unless the law requires otherwise. DRA §6. Respondents have each now sought arbitration under that

---

[1] Depending on when Respondents were hired, they either signed a November 2018 version of the DRA or a June 2020 version. Although there are some formatting differences between the two versions, the relevant language is the same. Because there is no material difference between the two versions, this petition refers to both collectively as the DRA.

- 1 -
PETITION TO COMPEL ARBITRATION

agreement—but they each refuse to pay their individual shares of the arbitration fees, instead asserting that X must pay all but the first $400 of those fees. That position cannot be squared with the plain terms of the DRA, making Respondents each in breach of the parties' agreement. And because JAMS will not proceed with the arbitration unless its fees are paid, their breach is preventing the arbitration to which the parties agreed from going forward.

2. X is accordingly "aggrieved by" each Respondent's "failure, neglect, [and] refusal … to arbitrate under [the parties'] written agreement for arbitration," and is entitled to "an order directing that [the] arbitration proceed in the manner provided for" in the DRA. 9 U.S.C. §4. In particular, X is entitled to an order directing Respondents each to arbitrate their claims and pay their individual shares of the arbitration fees as required by the DRA. This Court should grant the petition, compel Respondents Alexander Adusei, Aline Bandak, Sagar Bonde, Lauren Bose, Wing Kai Chan, Chen Chen, Stephanie Cheng, Jiahui Ding, Craig Filamor, Lauren Fratamico, Cheston Gunawan, Seung Heon Han, Iris Hsieh, Lauren Itow, Sanjay Kapoor, John Li, Travis McCleery, Prasida Menon, Anca Mosoiu, Lauren Nagra, SoYoung Park, Alisa Rangwala, Ryan Riccetti, Stanley Soo, Margaret Shi, Yoali Sotomayor Baqueiro, Lauren Traylor, Wutao Wei, Benjamin Wheeler, Adrian Yusi, Heng Zhang, and Yiwei Zhuang to pursue their respective claims individually in arbitration according to the terms of the DRA, and order them to pay their respective pro rata shares of the arbitration fees as required by Section 6 of the DRA unless and until the individual arbitrator presiding over the arbitration orders a different apportionment.

## JURISDICTION AND VENUE

3. This suit is brought under Section 4 of the FAA, 9 U.S.C. §4. Although Section 4 does not itself create federal jurisdiction, it empowers federal courts to compel arbitration in cases where they "would have jurisdiction … of the subject matter of a suit arising out of the controversy

1  between the parties." 9 U.S.C. §4. The Supreme Court has accordingly instructed that to assess
2  subject-matter jurisdiction over a petition to compel arbitration under Section 4, this Court must
3  "look through" the Section 4 petition to the underlying controversy. *Vaden v. Discover Bank*, 556
4  U.S. 49, 53 (2009).

5      4.    Applying that analysis here, this Court has federal-question jurisdiction over the
6  underlying controversy under 28 U.S.C. §1331, because Respondents each raise underlying claims
7  that arise under federal law.[2] Each Respondent has raised a claim under the Worker Adjustment
8  and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*, among others, related to their
9  employment with Twitter. In addition, Respondents Cheng, Fratamico, Hsieh, Mosoiu, Nagra,
10 Park, Traylor, Shi, Sotomayor Baqueiro, and Zhang have also each raised a sex discrimination
11 claim under Title VII of the Civil Rights Act of 1964. And Respondent Wei has also raised a
12 discrimination claim under the Family and Medical Leave Act. Because this Court would have
13 subject-matter jurisdiction over a lawsuit asserting these federal claims under 28 U.S.C. §1331,
14 this Court likewise has jurisdiction over this Section 4 petition.

---

[2] The arbitration demands assert these claims by incorporating by reference the pleadings from one or more of three different lawsuits that Respondents' counsel has filed against Twitter and X: *Cornet v. Twitter, Inc.*, No. 22-cv-6857 (N.D. Cal.); *Borodaenko v. Twitter, Inc.*, No. 22-cv-7226 (N.D. Cal.); and *Strifling v. Twitter, Inc.*, No. 22-cv-7739 (N.D. Cal.). To avoid unnecessary duplication, X has filed the referenced complaints as separate exhibits rather than including them as exhibits to the arbitration demands. A true and correct copy of the *Cornet* complaint is attached to this Petition as Exhibit 2. A true and correct copy of the *Borodaenko* complaint is attached to this Petition as Exhibit 3. As for *Strifling*, true and correct copies of both the original complaint (attached as Exhibit 4) and the amended complaint (attached as Exhibit 5) are attached to this Petition. These two versions are filed because Respondents Nagra, Park, and Sotomayor Baqueiro incorporated by reference the amended complaint from *Strifling*, Ex.5, whereas all other Respondents whose arbitration demands refer to *Strifling* (Respondents Cheng, Fratamico, Hsieh, Mosoiu, Traylor, Shi, and Zhang) incorporated by reference the original complaint filed in *Strifling*, Ex.4.

- 3 -
PETITION TO COMPEL ARBITRATION

5.      The Court also has diversity jurisdiction over the underlying controversy under 28 U.S.C. §1332(a).  As described below, X and Respondents are citizens of different states, establishing complete diversity.  And, on information and belief based on the nature of each of the Respondents' claims and their respective employment positions at Twitter, the amount in controversy in the underlying disputes with each Respondent exceeds $75,000.

6.      Venue is appropriate in this district under 28 U.S.C. §1391(b) because Respondents, on information and belief, each reside in this district, and because a substantial part of the events giving rise to this petition occurred in this district, including because Respondents' DRA provides that their underlying claims concerning their employment are to be settled by binding arbitration before JAMS within this district.

**DIVISIONAL ASSIGNMENT**

7.      This matter is properly assigned to the San Francisco Division under Local Rule 3-2(c) and (d) because a substantial part of the events giving rise to this petition occurred in San Francisco, including because San Francisco is where Twitter's headquarters were located at the time X decided to restructure its operations and workforce and where Respondents Adusei, Bandak, Bonde, Bose, Chan, Cheng, Ding, Filamor, Fratamico, Gunawan, Hsieh, Itow, Kapoor, Li, Menon, Mosoiu, Nagra, Rangwala, Riccetti, Shi, Soo, Sotomayor Baqueiro, Traylor, Wheeler, Yusi, Zhang, and Zhuang worked while employed at Twitter.

**PARTIES**

8.      Petitioner X is a corporation that is organized under the laws of the State of Nevada and has its principal place of business in Texas.  The corporate headquarters of X is located at 865 FM 1209 Building 2 in Bastrop, Texas, which is located in the Western District of Texas.  From the Western District of Texas, X's Owner, Chief Technology Officer, and Executive Chairman

Elon Musk directs, controls, and coordinates X's activities, and the Western District of Texas is also where the majority of X's chief executive functions are performed. To the extent these executive functions are performed outside the Western District of Texas, they are mostly performed in the Southern District of New York, where X's Chief Executive Officer, Linda Yaccarino, is based. X is the successor entity to Twitter, which was renamed in July 2023 following Mr. Musk's acquisition of the company.

9. Respondent Alexander Adusei is a former employee of Twitter, who worked at Twitter as a Software Engineer II and was employed there from October 14, 2019, to November 4, 2022. On information and belief, Adusei is a citizen of the State of California. True and correct copies of Adusei's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-A.

10. Respondent Aline Bandak is a former employee of Twitter, who worked at Twitter as a Senior Staff Engineering Technical Program Manager and was employed there August 26, 2019, to November 18, 2022. On information and belief, Bandak is a citizen of the State of California. True and correct copies of Bandak's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-B.

11. Respondent Sagar Bonde is a former employee of Twitter, who worked at Twitter as a Software Engineer II and was employed there from April 12, 2021, to November 4, 2022. On information and belief, Bonde is a citizen of the State of California. True and correct copies of Bonde's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-C.

12. Respondent Lauren Bose is a former employee of Twitter, who worked at Twitter as a Senior Manager, Data Science, and was employed there from November 2, 2020, to November 10, 2022. On information and belief, Bose is a citizen of the State of California. True and correct copies of Bose's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-D.

13. Respondent Wing Kai Chan is a former employee of Twitter, who worked at Twitter as a Software Engineer II and was employed there from March 30, 2020, to November 18, 2022. On information and belief, Chan is a citizen of the State of California. True and correct copies of Chan's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-E.

14. Respondent Chen Chen is a former employee of Twitter, who worked at Twitter as a Data Scientist II and was employed there from May 16, 2022, to February 25, 2023. On information and belief, Chen is a citizen of the State of California. True and correct copies of Chen's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-F.

15. Respondent Stephanie Cheng is a former employee of Twitter, who worked at Twitter as a Group Product Manager and was employed there from June 14, 2021, to November 4, 2022. On information and belief, Cheng is a citizen of the State of California. True and correct copies of Cheng's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-G.

16. Respondent Jiahui Ding is a former employee of Twitter, who worked at Twitter as a ML Engineer II and was employed there from July 13, 2020, to January 5, 2023. On information and belief, Ding is a citizen of the State of California. True and correct copies of Ding's arbitration

demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-H.

17. Respondent Craig Filamor is a former employee of Twitter, who worked at Twitter as a Sourcer II and was employed there from June 1, 2021, to November 4, 2022. On information and belief, Filamor is a citizen of the State of California. True and correct copies of Filamor's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-I.

18. Respondent Lauren Fratamico is a former employee of Twitter, who worked at Twitter as a Data Scientist II and was employed there from July 8, 2019, to November 4, 2022. On information and belief, Fratamico is a citizen of the State of California. True and correct copies of Fratamico's arbitration demand (minus the exhibits originally submitted with the demand, see supra note 2) and signed DRA are attached to this Petition as Exhibit 1-J.

19. Respondent Cheston Gunawan is a former employee of Twitter, who worked at Twitter as a Senior Data Scientist and was employed there from February 7, 2022, to November 18, 2022. On information and belief, Gunawan is a citizen of the State of California. True and correct copies of Gunawan's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-K.

20. Respondent Seung Heon Han is a former employee of Twitter, who worked at Twitter as a Senior Software Engineer and was employed there from November 1, 2021, to November 18, 2022. On information and belief, Han is a citizen of the State of California. True and correct copies of Han's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-L.

21. Respondent Iris Hsieh is a former employee of Twitter, who worked at Twitter as a Senior Sales Specialist and was employed there from October 28, 2019, to November 4, 2022. On information and belief, Hsieh is a citizen of the State of California. True and correct copies of Hsieh's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-M.

22. Respondent Lauren Itow is a former employee of Twitter, who worked at Twitter as a Senior Manager, Software Engineering, and was employed there from April 20, 2020, to November 18, 2022. On information and belief, Itow is a citizen of the State of California. True and correct copies of Itow's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-N.

23. Respondent Snajay Kapoor is a former employee of Twitter, who worked at Twitter as a Senior Test Engineer and was employed there from January 25, 2021, to November 4, 2022. On information and belief, Kapoor is a citizen of the State of California. True and correct copies of Kapoor's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-O.

24. Respondent John Li is a former employee of Twitter, who worked at Twitter as a Senior Software Engineer and was employed there from October 19, 2020, to November 4, 2022. On information and belief, Li is a citizen of the State of California. True and correct copies of Li's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-P.

25. Respondent Travis McCleery is a former employee of Twitter, who worked at Twitter as Director, Product Design, from March 8, 2021, to November 4, 2022. On information and belief, McCleery is a citizen of the State of California. True and correct copies of McCleery's

1    arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2)

2    and signed DRA are attached to this Petition as Exhibit 1-Q.

3        26.    Respondent Prasida Menon is a former employee of Twitter, who worked at Twitter

4    as Senior Product Manager from March 21, 2022, to November 4, 2022.  On information and

5    belief, Menon is a citizen of the State of California.  True and correct copies of Menon's arbitration

6    demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed

7    DRA are attached to this Petition as Exhibit 1-R.

8        27.    Respondent Anca Mosoiu is a former employee of Twitter, who worked at Twitter

9    as a Manager, Software Engineer, and was employed there from March 16, 2020, to November 4,

10   2022.  On information and belief, Mosoiu demands is a citizen of the State of California.  True

11   and correct copies of Mosoiu's arbitration demand (minus the exhibits originally submitted with

12   the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-S.

13       28.    Respondent Lauren Nagra is a former employee of Twitter, who worked at Twitter

14   as a Product Manager II and was employed there from April 20, 2020, to November 4, 2022.  On

15   information and belief, Nagra is a citizen of the State of California.  True and correct copies of

16   Nagra's arbitration demand (minus the exhibits originally submitted with the demand, *see supra*

17   note 2) and signed DRA are attached to this Petition as Exhibit 1-T.

18       29.    Respondent SoYoung Park is a former employee of Twitter, who worked at Twitter

19   as a Software Engineer II and was employed there from October 14, 2019, to November 4, 2022.

20   On information and belief, Park is a citizen of the State of California.  True and correct copies of

21   Park's arbitration demand (minus the exhibits originally submitted with the demand, *see supra*

22   note 2) and signed DRA are attached to this Petition as Exhibit 1-U.

30. Respondent Alisa Rangwala is a former employee of Twitter, who worked at Twitter as an Associate Manager, Revenue Operations, and was employed there from February 25, 2019, to February 25, 2023. On information and belief, Rangwala is a citizen of the State of California. True and correct copies of Rangwala's arbitration demand (minus the exhibits originally submitted with the demand, see supra note 2) and signed DRA are attached to this Petition as Exhibit 1-V.

31. Respondent Ryan Riccetti is a former employee of Twitter, who worked at Twitter as a Senior Technical Program Manager and was employed there from September 23, 2019, to November 4, 2022. On information and belief, Riccetti is a citizen of the State of California. True and correct copies of Riccetti's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-W.

32. Respondent Margaret Shi is a former employee of Twitter, who worked at Twitter as a Software Engineer I and was employed there from July 26, 2021, to November 4, 2022. On information and belief, Shi is a citizen of the State of California. True and correct copies of Shi's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-X.

33. Respondent Stanley Soo is a former employee of Twitter, who worked at Twitter as a Staff Software Engineer and was employed there from June 13, 2022, to November 4, 2022. On information and belief, Soo is a citizen of the State of California. True and correct copies of Soo's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-Y.

34. Respondent Yoali Sotomayor Baqueiro is a former employee of Twitter, who worked at Twitter as a Software Engineer II and was employed there from October 26, 2020, to

1  November 4, 2022. On information and belief, Sotomayor Baqueiro is a citizen of the State of
2  California. True and correct copies of Sotomayor Baqueiro's arbitration demand (minus the
3  exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to
4  this Petition as Exhibit 1-Z.

5        35. Respondent Lauren Traylor is a former employee of Twitter, who worked at Twitter
6  as a Program Manager II and was employed there from July 22, 2019, to November 4, 2022. On
7  information and belief, Traylor is a citizen of the State of California. True and correct copies of
8  Traylor's arbitration demand (minus the exhibits originally submitted with the demand, *see supra*
9  note 2) and signed DRA are attached to this Petition as Exhibit 1-AA.

10        36. Respondent Wutao Wei is a former employee of Twitter, who worked at Twitter as
11  a Manager, Data Science, and was employed there from May 13, 2019, to June 18, 2023. On
12  information and belief, Wei is a citizen of the State of California. True and correct copies of Wei's
13  arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2)
14  and signed DRA are attached to this Petition as Exhibit 1-BB.

15        37. Respondent Benjamin Wheeler is a former employee of Twitter, who worked at
16  Twitter from April 18, 2022, to August 22, 2023. On information and belief, Wheeler is a citizen
17  of the State of California. True and correct copies of Wheeler's arbitration demand (minus the
18  exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to
19  this Petition as Exhibit 1-CC.

20        38. Respondent Adrian Yusi is a former employee of Twitter, who worked at Twitter as
21  a Analyst II, User Operations, and was employed there from July 8, 2019, to November 4, 2022.
22  On information and belief, Yusi is a citizen of the State of California. True and correct copies of

Yusi's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-DD.

39.     Respondent Heng Zhang is a former employee of Twitter, who worked at Twitter as a Product Designer II and was employed there from April 22, 2019, to November 4, 2022. On information and belief, Zhang is a citizen of the State of California. True and correct copies of Zhang's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-EE.

40.     Respondent Yiwei Zhuang is a former employee of Twitter, who worked at Twitter as a ML Engineer II and was employed there from February 25, 2019, to January 5, 2023. On information and belief, Zhuang is a citizen of the State of California. True and correct copies of Zhuang's arbitration demand (minus the exhibits originally submitted with the demand, *see supra* note 2) and signed DRA are attached to this Petition as Exhibit 1-FF.

## BACKGROUND

**A.     The Parties Entered Into an Enforceable Arbitration Agreement**

41.     When Respondents joined the company, Twitter sent each of them its standard dispute resolution agreement, *see supra* note 1—the DRA—which governs the resolution of "any dispute arising out of or related to [Respondents'] employment with Twitter, Inc. or one of its affiliates, successor, subsidiaries or parent companies … or termination of employment, and survives after the employment relationship terminates." DRA §1. This DRA was offered to every employee who worked at Twitter.

42.     As the DRA explains, Respondents each had the right to opt out of the DRA by sending an opt-out form to Twitter's human resources department. DRA §8. In fact, the DRA emphatically states in three separate locations that Twitter employees were entitled to opt out of

the arbitration agreement, ensuring that employees would understand that arbitration was not a mandatory condition of their employment with Twitter. The DRA begins by stating (in bold font) that an employee "**can choose to opt out of this Agreement**" and has "**30 days to opt out.**" DRA at 1. The DRA then later explains (again in bold font) that "**[a]rbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.**" DRA §8. Finally, immediately above the employee signature line, the DRA states (again in bold font) that "**By signing below, I … confirm I am aware of my right to opt out per the terms of this Agreement**." DRA at 3. Various former Twitter employees followed the procedure set forth in the DRA to opt out of that agreement.

43. None of Respondents, by contrast, exercised their option to opt out of the DRA, and each is therefore bound by its terms.

44. The DRA is "governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. and evidences a transaction involving commerce." DRA §1. "If the FAA is found not to apply," the DRA "is enforceable under the laws of the state" in which the employee is employed upon entering into the agreement. *Id.*

45. Under the DRA, "all covered disputes" must be resolved "only by an arbitrator through final and binding arbitration and not by way of court or jury trial." DRA §1.

46. The DRA provides that the parties will "bring any claim in arbitration before [JAMS], pursuant to the then-current JAMS Rules," defined to mean "the then-current JAMS Employment Arbitration Rules and Procedures." DRA §§3, 5. The DRA does not incorporate or refer to any of JAMS's other rules or policies, including JAMS's Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("Minimum Standards"). On the contrary,

the DRA itself is "the full and complete agreement relating to the formal resolution of covered disputes." DRA §10.

47. The DRA also expressly allocates responsibility for paying any arbitration fees. Section 6 of the DRA, entitled "Paying For The Arbitration," provides:

> Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. *If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.*

DRA §6 (emphasis added). In other words, under the plain terms of the DRA, X is required to pay all of the arbitration fees only "where required by law"; otherwise, "[i]f under applicable law [X] is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law." *Id.* The DRA also incorporates JAMS Employment Rule 31(a), *see* DRA §5 (adopting "the then-current JAMS Rules"), under which the default rule for non-mandatory agreements is that "unless the Parties have agreed to a different allocation, each Party shall pay its pro rata share of JAMS fees." JAMS Employment Rule 31(a); *cf.* Cal. Civ. Proc. Code §1284.2 (default rule that "each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator").

**B. Respondents Each Wrongfully Refuse to Pay Their Individual Shares of the Arbitration Fees.**

48. After the acquisition of Twitter in October 2022, X began restructuring its workforce and operations, resulting in multiple reductions in force that affected Respondents.

49. X offered each Respondent significant severance benefits in exchange for a general release of claims. Respondents, however, all declined that offer. Instead, like over 2,200 former

Twitter employees, Respondents opted to file demands for arbitration against X before JAMS.

50. As detailed above, in Respondents' arbitration demands, they raised the following claims arising under federal law: for all Respondents, a claim under the federal Worker Adjustment and Retraining Notification Act; for Respondents Cheng, Fratamico, Hsieh, Mosoiu, Nagra, Park, Traylor, Shi, Sotomayor Baqueiro, and Zhang, a sex discrimination claim under Title VII of the Civil Rights Act of 1964; and for Respondent Wei, a claim for discrimination and retaliation under the Family and Medical Leave Act.

51. After Respondents filed their arbitration demands with JAMS, JAMS issued a non-refundable filing fee invoice, which aggregated the costs arising from Respondents' individual arbitration demands, and which became due on March 27, 2025. On March 25, 2025, X's counsel reached out to Respondents' counsel by email to confirm whether Respondents would pay their respective shares of the outstanding invoice as required by the DRA.

52. Respondents' counsel responded by email on March 25, 2025, stating that Respondents would not pay more than the first $400 of the $2,000 initiation fee for their respective arbitration demands, and that (despite the contrary terms of the DRA) Respondents expected X to pay all of the arbitration fees beyond that initial $400 amount.

53. Because JAMS will not move forward with its arbitration of any of Respondents' claims until the filing fee invoice is paid, their refusal to pay their full individual shares of the invoice as required by the DRA is preventing X from exercising its right to individual arbitration of Respondents' claims under the DRA.

**CLAIM FOR RELIEF**
**COUNT ONE**
**Order to Compel Arbitration under the DRA**
**9 U.S.C. §4**

54. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

55. By its terms, the DRA "is governed by" the FAA. DRA §1. Under the FAA, courts must "rigorously … enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted." *Epic Sys.*, 584 U.S. at 506. If an arbitration agreement is valid and covers the parties' dispute, then under Section 4 of the FAA, a court "shall" order the parties "to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. §4. That principle controls here and requires an order compelling Respondents each to arbitrate in accordance with the terms of the DRA by paying their shares of the arbitration fees.

56. In filing their arbitration demands, Respondents have each already conceded that the DRA is a valid and enforceable agreement to arbitrate and that it encompasses their individual claims. But Respondents have nevertheless each refused to comply with the DRA—and in particular, have refused to pay their full individual shares of the arbitration fees, in violation of the explicit DRA provision requiring that arbitration fees "will be apportioned between the parties." DRA §6.

57. Under Section 6 of the DRA, X "will pay the Arbitrator's and arbitration fees" in "all cases where required by law." DRA §6. In all other cases—i.e., "[i]f under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees"—those fees "will be apportioned between the parties in accordance with said applicable law." DRA §6.

1 | 58.  Here, applicable law does not require X to pay all of the arbitration fees. As a result, under the plain terms of the DRA, the arbitration fees must be "apportioned between the parties." DRA §6. Respondents' individual refusals to pay their respective shares of those fees therefore violates the parties' agreement to arbitrate under the terms of the DRA.

59.  Under Section 4 of the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition … for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. §4. X is "aggrieved by" Respondents' "failure … or refusal" to arbitrate in accordance with the terms of the DRA—in particular, Respondents' refusal to pay their respective shares of the arbitration fees. *Id.* X is accordingly entitled to an order requiring Respondents each to arbitrate "in accordance with the terms of" the DRA, including its fee-sharing provision. *Id.*

**RELIEF REQUESTED**

For the foregoing reasons, X respectfully requests that this Court:

a. Enter an order compelling Respondents Alexander Adusei, Aline Bandak, Sagar Bonde, Lauren Bose, Wing Kai Chan, Chen Chen, Stephanie Cheng, Jiahui Ding, Craig Filamor, Lauren Fratamico, Cheston Gunawan, Seung Heon Han, Iris Hsieh, Lauren Itow, Sanjay Kapoor, John Li, Travis McCleery, Prasida Menon, Anca Mosoiu, Lauren Nagra, SoYoung Park, Alisa Rangwala, Ryan Riccetti, Stanley Soo, Margaret Shi, Yoali Sotomayor Baqueiro, Lauren Traylor, Wutao Wei, Benjamin Wheeler, Adrian Yusi, Heng Zhang, and Yiwei Zhuang to individually arbitrate their respective claims against X before JAMS;

b. Enter an order directing Respondents Alexander Adusei, Aline Bandak, Sagar Bonde, Lauren Bose, Wing Kai Chan, Chen Chen, Stephanie Cheng, Jiahui Ding, Craig Filamor, Lauren Fratamico, Cheston Gunawan, Seung Heon Han, Iris Hsieh, Lauren Itow, Sanjay Kapoor,

John Li, Travis McCleery, Prasida Menon, Anca Mosoiu, Lauren Nagra, SoYoung Park, Alisa Rangwala, Ryan Riccetti, Stanley Soo, Margaret Shi, Yoali Sotomayor Baqueiro, Lauren Traylor, Wutao Wei, Benjamin Wheeler, Adrian Yusi, Heng Zhang, and Yiwei Zhuang to pay their respective pro rata shares of the arbitration fees as required by Section 6 of the DRA unless and until the individual arbitrator presiding over the arbitration orders a different apportionment; and

c. Grant X all other such relief as the Court may deem just and proper.

Respectfully submitted,

s/Eric Meckley
ERIC MECKLEY (Bar No. 168181)
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA  94105
Tel.: (415) 442-1000
Fax: (415) 442-1001
eric.meckley@morganlewis.com

PAUL D. CLEMENT (*pro hac vice* forthcoming)
C. HARKER RHODES IV (*pro hac vice* forthcoming)
MITCHELL K. PALLAKI (*pro hac vice* forthcoming)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel.: (202) 742-8900
paul.clement@clementmurphy.com
harker.rhodes@clementmurphy.com
mitchell.pallaki@clementmurphy.com

*Attorneys for Petitioner X Corp.*

March 28, 2025

- 18 -
PETITION TO COMPEL ARBITRATION